UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE KERSEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRIVACY PATROL,<br><br>　　　　Defendant. | Civil Action No. 24-12778-MJJ |

## MEMORANDUM AND ORDER

August 18, 2025

JOUN, D.J.

For the reasons stated below, Plaintiff must address the filing fee for this action and file an amended complaint.

## I.　BACKGROUND

Plaintiff George Kersey, ("Kersey" or "Plaintiff") who is proceeding *pro se*, has filed a handwritten complaint without payment of the filing fee or a motion seeking leave to proceed without prepayment of the filing fee.

In his one-page complaint, Kersey provides a Massachusetts address. [Doc. No. 1]. Named as defendant is Privacy Patrol with an address in South Amboy, New Jersey. [*Id*. at ¶ 4]. Kersey alleges that his request for payment of reward dollars was refused by the Defendant. [*Id*. at ¶¶ 1-3]. Kersey states that he "has been damages in the amount of $80,000 and asks for punitive damages of $80,000 making Plaintiff's total request equal $160,000." [*Id*. at ¶ 5].

## II. SCREENING OF THE COMPLAINT

Even though Kersey did not pay the filing fee nor seek leave to proceed *in forma pauperis*, the Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case."). Furthermore, federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985).

Because Kersey is proceeding *pro se*, the Court will liberally construe his Complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

## III. DISCUSSION

Although Kersey alleges that the amount in controversy exceeds $75,000, he fails to allege facts supporting his claim that he is owed $80,000, let alone punitive damages of $80,000. Kersey's complaint, even construed liberally, does not set forth any legal claim or sufficient facts in support of a plausible claim. Without explanation, the complaint simply states that the defendant owes the plaintiff $80,000.

Normally, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

However, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, ... the suit will be dismissed." *Id.* (quoting *St. Paul*, 303 U.S. at 289).

Given that he is proceeding *pro se*, Kersey will be granted an opportunity to address the filing fee and to file an Amended Complaint that alleges sufficient facts to establish this Court's jurisdiction and to state a plausible claim upon which relief may be granted.

## IV.     CONCLUSION

If Kersey wishes to pursue this action, he must (1) either pay the $405 filing fee or file a motion for leave to proceed *in forma pauperis*; and (2) file an amended complaint to cure the above identified pleading deficiencies. Failure to comply with these directives within twenty-one (21) days of the date of this Memorandum and Order may result in dismissal of this action.

**SO ORDERED.**

                                       /s/ Myong J. Joun
                                       Myong J. Joun
                                       United States District Judge